FILED

2006 Apr-27  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

GJ # 24
AHM/LJW: MAY 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

EASTERN  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GERALD THOMAS HAVING, JR.,** | ) | **UNDER SEAL** |
| **also known as "Thomas"** | ) | |

## I N D I C T M E N T

**COUNT ONE**:   [21 U.S.C. §§ 846 and 841(b)(1)(A)]

The Grand Jury charges:

That from in or about November, 2002, and continuing until in or about

July, 2004, in Talladega County and elsewhere, within the Northern District of

Alabama and elsewhere, the defendant,

**GERALD THOMAS HAVING, JR.,**
**also known as "Thomas,"**

did knowingly, intentionally and unlawfully conspire and agree with others both

known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully

possess with the intent to distribute one thousand (1,000) kilograms or more of a

1

mixture and substance containing a detectable amount of marijuana, a controlled

substance,  in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

**COUNT TWO**:   [18 U.S.C.  § 1956(h) and  § 1956(a)(1)(A)(I)]

The Grand Jury charges:

That from in or about November, 2002, and continuing until on or about the

28th  day of November, 2003, in Talladega County and elsewhere, within the

Northern District of Alabama, the defendant,

**GERALD THOMAS HAVING, JR.,
also known as "Thomas,"**

did knowingly, intentionally and unlawfully conspire and agree with others both

known and unknown to the Grand Jury to conduct and attempt to conduct financial

transactions which affected interstate commerce, that is, the transfer and delivery

of United States currency involved in multiple purchases of large amounts of

marijuana, which financial transactions involved the specified unlawful activity of

conspiracy to possess with intent to distribute marijuana, a controlled substance,

and that the defendant conducted and attempted to conduct such financial

transactions with the intent to promote the carrying on of the specified unlawful

activity, and while conducting and attempting to conduct such financial

2

transactions, knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I), all in violation of Title 18, United States Code, Section 1956(h).

**COUNT THREE:**        [Forfeiture- 21 U.S.C. §853(a)(1) and (a)(2)]

1.      The allegations of Counts One of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

2.      Pursuant to Rule 32.2(a) FED.R.CRIM.P., the defendant is hereby notified that, upon conviction of  the controlled substance offense alleged in Count One of this Indictment, the defendant,

**GERALD THOMAS HAVING, JR.,**
**also known as "Thomas,"**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (a)(2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

3.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p),  to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Sections 853(a)(1) and (a)(2).

**COUNT FOUR:** [Forfeiture- 18 U.S.C. §982(a)(1)]

1. The allegations of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. Pursuant to Rule 32.2(a) FED.R.CRIM.P., the defendant,

**GERALD THOMAS HAVING, JR.,**
**also known as "Thomas,"**

is hereby notified that, upon conviction of  the money laundering offense alleged in

Count Two of this Indictment, he shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),  the following property:

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

b.  A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted, including but not limited to at least $1,230,900.00, representing the amount of proceeds obtained as a result of the offense, or conspiracy to commit such offense.

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described in paragraph 2.b., if, by any act or omission of the defendant, the property described in paragraph 2.b., or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL


/s/ Electronic Signature
FOREMAN OF THE GRAND JURY

ALICE H. MARTIN
United States Attorney

/s/ Electronic Signature
L. JAMES WEIL, JR.
Assistant United States Attorney

/s/ Electronic Signature
W. SANDER CALLAHAN
Assistant United States Attorney